UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTWAIN BLACK,

    Plaintiff,

v.  05-CV-3272

DR. JOSEPH MAURER,
KENDRA FABISH,
SHERIFF NEIL WILLIAMSON,
WARDEN POSTER, and
CITY OF SPRINGFIELD,

    Defendants.

## Case Management Order #1

    The plaintiff, currently incarcerated in the United States Penitentiary, in McCreary, Kentucky, alleges deliberate indifference to his serious medical needs while he was incarcerated as a pretrial detainee at Sangamon County Jail.

    The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted. A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary. The Complaint already clearly sets out the claims.

    The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations and Analysis*

    Around March 25, 2003, the plaintiff was incarcerated in Sangamon County Jail as a pretrial detainee. He entered with no medical problems other than a gunshot wound to his left leg.
    On April 16, 2003, pain from the plaintiff's feet awoke him–his feet were red and swollen and he could barely walk. Defendant Dr. Maurer examined the plaintiff's feet, attributing the problem to obesity and flat feet. Dr. Maurer told the plaintiff to stay off his feet and gave him pain medicine.

    The plaintiff's foot problems did not abate, but Dr. Maurer persisted in his original

diagnosis and treatment, prescribing other pain medicines that were ineffective and that carried a risk of fatal side effects. The plaintiff's requests to see a specialist were denied.

On July 12, 2004, the plaintiff was transferred to Havana County Jail. On July 21, 2004, the plaintiff was taken to the Havana Medical Center emergency room, and the doctor there diagnosed him with type II diabetes and a serious risk of heart attack.

The plaintiff alleges his medical treatment at Sangamon County Jail amounted to medical malpractice and deliberate indifference to his serious medical needs.

A pretrial detainee's claim of inadequate medical care is brought under the due process clause of the 14th Amendment, but the legal analysis the same as a claim of deliberate indifference to a serious medical need under the Eighth Amendment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir.2000). A pretrial detainee must show that "(1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." *Chapman*, 241 F.3d at 845; *Chavez*, 207 F.3d. at 904. An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County,* 220 F.3d 805, 810 (7th Cir. 2000)(other quote omitted). An objectively serious condition also presents itself if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective component (deliberate indifference) is not negligence or even gross negligence. *Chapman,* 241 F.3d at 845 (7th Cir. 2001); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Malpractice is not a constitutional violation. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Nor is a professional disagreement between doctors evidence of deliberate indifference; rather, the doctor's decisions must be "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996).

The court concludes that, under notice pleading, the plaintiff states a Fourteenth Amendment claim against defendants Dr. Maurer and defendant Fabish, the Jail's health care medical director, regarding his medical care at the Jail. To hold otherwise would require factual determinations that cannot be made at this stage.

However, the plaintiff states no constitutional claim against Warden Poster, the City of Springfield, or Sheriff Neil Williamson. No inference of an unconstitutional policy or practice reasonably arises that might allow these defendants to be held liable in their official capacities. *See Monell v. New York city Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998); *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997).

And, Williamson and Poster cannot be liable under Section 1983 for the misdeeds of their subordinates unless they were personally responsible for those misdeeds. *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). That is, they cannot be liable under § 1983 just because they were in charge of running the Jail. To be personally responsible means participating directly in the constitutional violation, directing the unconstitutional conduct, or approving the violations. *Sanville*, 266 F.3d at 739. Additionally, non-medical personnel are generally entitled (and required) to rely on the professional expertise of doctors for the medical treatment of inmates. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoting 3rd Circuit case with approval). Accordingly, defendants City of Springfield, Williamson and Poster will be dismissed.

As to the plaintiff's claims of medical malpractice, he has failed to attach an affidavit and physician's report as required by 735 ILCS 5/2-622. The malpractice claim will therefore be dismissed, with leave to refile as provided below. 735 ILCS 5/2-622(g)("failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal . . .").

   IT IS THEREFORE ORDERED:

   1) The merit review hearing scheduled for January 31, 2006, is canceled, writ vacated. Pursuant to its merit review under 28 U.S.C. Section 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim against defendants Maurer and Fabish. Defendants Williamson, Poster, and the City of Springfield are dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. Section 1915A.

   2) The plaintiff's claims for medical malpractice are dismissed without prejudice for failure to attach an affidavit and physician's report as required by 735 ILCS 5/2-622. The plaintiff shall have 60 days from the entry of this order to move to reinstate his malpractice claim, by filing the documents required by 735 ILCS 5/2-622.[1]

---

[1] The Illinois Tort Immunity Act may give defendant Maurer immunity from negligence claims to the extent he was a employee of Sangamon County executing or enforcing the law, unless his conduct was "willful and wanton." 745 ILCS 10/2-202; 745 ILCS 10/4-105. Additionally, "Illinois law prohibits any civil action against a 'local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued' . . . The one-year limit overrides the two-year statute of limitations for medical malpractice claims." *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000). However, the Tort Immunity Act does not apply to independent contractors, 745 ILCS

3)  This case shall proceed solely on the federal claim identified in paragraph one above.  Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15 (unless the plaintiff properly reinstates his malpractice claim, as directed by paragraph 2 above).

4)  The necessary deficiency orders are directed to be entered, if any.

5)  After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)  The defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this   10th  Day of  January, 2006.

             **s\Harold A. Baker**

             HAROLD A. BAKER
             UNITED STATES DISTRICT JUDGE

---

10/1-202.  The Court states no opinion on the viability of the plaintiff's malpractice claim.